IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 SEP 19 PM 5: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| MARY BORG and JAMES W. BORG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CHASE MANHATTAN BANK USA, N.A., ) <br> UNION PLANTERS BANK N.A., ) <br> HOME INSTEAD SENIOR CARE, INC., ) <br> and FELICIA JONES DAVIS, ) <br> ) <br> Defendants. ) | No. 04-2874-M1v |

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

Before the court is the August 11, 2005 motion of the plaintiffs, Mary Borg and James W. Borg, to compel the defendant Chase Manhattan Bank USA, N.A. ("Chase") to produce withheld documents responsive to Requests Nos. 1, 2, and 6 of the plaintiffs' first request for production of documents. The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, the Borgs' motion is denied.

The Borgs filed this lawsuit against Chase alleging that Chase sent an unsolicited credit card to their home which was intercepted by an employee of defendant Home Instead Senior Care, Inc. who was working at the Borgs' residence. The Borgs allege that the employee withdrew money from ATM machines with the stolen credit

card and then paid Chase with forged checks stolen from the them and drawn on their checking account.

Request No. 1[1] seeks all records in Chase's possession concerning credit card #518337658005511, which was the card issued in Mary Borg's name. Chase produced approximately 352 documents in response to the plaintiffs' document requests, but, in response to Request No. 1, Chase redacted information on the basis of attorney-client privilege concerning discussions with legal counsel. In its response to this motion to compel filed with the court on August 26, 2005, Chase represented to the court that it would produce the redacted documents to the Borgs even though Chase still believes that such information is protected by the attorney-client privilege. Accordingly, the motion to compel is moot as to Request No. 1 and is denied as such.

Request No. 2[2] seeks all documents which indicate the sources from which Mary Borg's name was acquired by Chase. In particular, the Borgs seek the application which was filled out to apply for

---

[1] Request No. 1: All records regarding Mary Borg, account and credit card #518337658005511, or if same is computerized or microfilmed, a print out of same including correspondence to Mary Borg or from Mary Borg or her attorneys or representatives and including such materials held by any legal entity over which defendant has control, or an interest or intimate business relationship.

[2] Request No. 2: Any and all records or documents which indicate the sources from which Mary Borg's name was acquired by defendant for the purpose of soliciting her account of business, whether typed, written, computerized, or microfilmed.

the credit card in Mary Borg's name. In its response to the motion to compel, Chase has represented that it has fully searched all of its records and data bases and that it has produced all responsive documents it found. Chase represents that it has not found any credit card application in Mary Borg's name but if it does locate one in the future, it will produce it. Chase believes that the application for a credit card was made over the telephone.

It appears from the record in this matter that Chase has undertaken a diligent search for the requested materials. What Chase has been able to locate, it has made available to the Borgs. The court cannot compel a party to produce that which does not exist. Accordingly, the motion to compel is denied as to Request No. 2.

Request No. 6[3] seeks information about all lawsuits, claims, and settlements in the past eight (8) years regarding Chase's failure to refund unauthorized credit card charges. Chase objected to the request on the grounds that the information sought was irrelevant and not calculated to lead to the discovery of admissible information, overly broad, and unduly burdensome.

The scope of discovery is quite broad under the Federal Rules. Information is discoverable if "relevant to the claim or defense of

---

[3] Request No. 3: A list by Court, Case Style and cause number of any lawsuits pending or settled within the last eight (8) years filed against defendant or any claims made alleging failure or refusal to refund unauthorized credit card charges.

any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978); *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

In the face of a relevance objection, the burden is on the requesting party to demonstrate the relevancy of requests to the subject matter of the pending litigation. The requesting party must articulate the link between the discovery sought and admissible information. In this case, the plaintiff bears the burden of articulating the relevance of information regarding lawsuits, settlements, and claims for the past eight years and the present lawsuit, and the plaintiffs have failed to do so. Accordingly, the motion to compel is denied as to Request No. 6.

The motion to compel is therefore denied in its entirety. Each to bear their own costs and attorney fees.

IT IS SO ORDERED this 19th day of September, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 53 in case 2:04-CV-02874 was distributed by fax, mail, or direct printing on September 20, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Jim B. Johnson
LAW OFFICE OF JIM B. JOHNSON
253 Adams Ave.
Memphis, TN 38103

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Randall J. Fishman
BALLIN BALLIN & FISHMAN
200 Jefferson Ave.
Ste. 1250
Memphis, TN 38103

James W. Curry
BALLIN BALLIN & FISHMAN
200 Jefferson Ave.
Ste. 1250
Memphis, TN 38103

Douglas A. Black
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable Jon McCalla
US DISTRICT COURT